# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 8:13CR461 |
| vs. | ) ) | ORDER |
| BENJAMIN LEE FULLER, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the motion for an extension of time by defendant Benjamin Lee Fuller (Fuller) (Filing No. 19). Fuller seeks additional time in which to file pretrial motions in accordance with the progression order.[1] Fuller has filed an affidavit wherein he consents to the motion and acknowledges he understands the additional time may be excludable time for the purposes of the Speedy Trial Act. Upon consideration, the motion will be granted.

**IT IS ORDERED:**

Defendant Fuller's motion for an extension of time (Filing No. 19) is granted. Fuller is given until **on or before May 21, 2014,** in which to file pretrial motions pursuant to the progression order. The ends of justice have been served by granting such motion and outweigh the interests of the public and the defendant in a speedy trial. The additional **time** arising as a result of the granting of the motion, i.e., **the time between April 22, 2014, and May 21, 2014**, shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason defendant's counsel requires additional time to adequately prepare the case, taking into consideration due diligence of counsel, and the novelty and complexity of this case. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B).

DATED this 22nd day of April, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] While Fuller uses the dates of December 19, 2001, and January 21, 2002, in his motion, such inclusion is an obvious mistake using an outdated form. It is noted in the body of the motion, Fuller seeks to extend the pretrial motion deadline to May 21, 2014, which request will be granted.